M. Jonathan Hayes (Bar No. 90388)
Matthew D. Resnik (Bar No. 182562)
Roksana D. Moradi (Bar No. 266572)
Carolyn M. Afari (Bar No. 283681)
**SIMON RESNIK HAYES LLP**
15233 Ventura Boulevard, Suite 250
Sherman Oaks, CA 91403
**Telephone:** (818) 783-6251
**Facsimile:** (818) 827-4919
jhayes@SRHLawFirm.com
matthew@SRHLawFirm.com
roksana@SRHLawFirm.com
carolyn@SRHLawFirm.com

*Proposed Attorneys for Debtor*
Braun Development Group, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:14-bk-24711-ER |
| | Chapter 11 |
| BRAUN DEVELOPMENT GROUP, INC. DBA ARTWEAR, | **EMERGENCY MOTION FOR ORDER PERMITING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF LYNN BRAUN AND M. JONATHAN HAYES IN SUPPORT THEREOF** |
| Debtor. | |
| | *(Hearing to be Set by Court)* |

**TO THE HONORABLE ERNEST ROBLES, UNITED STATES BANKRUPTCY JUDGE; TO ANY OTHER INTERESTED PARTIES**:

Braun Development Group, Inc. dba Artwear, Debtor herein (the "Debtor"), hereby moves the Court, for an order in the above-captioned Chapter 11 case, permitting it to use cash collateral on an expedited basis, as set forth herein.

The basis for the Motion is that the Debtor must be permitted to use its cash collateral to pay its payroll and other expenses or it will be forced to shut down its operations, and creditors will receive nothing.

This Motion is made and based on the representations and allegations set forth within, on the Memorandum of Points and Authorities and the Declarations of Lynn Braun and M. Jonathan Hayes, and on such other evidence as may be presented to the Court prior to or at the hearing on this Motion.

The Debtor will seek a hearing from the Court as quickly as possible and has filed an Application for Order Shortening Time concurrently. Parties will be advised when any opposition may be filed.

Dated: August 12, 2014                          **SIMON RESNIK HAYES LLP**

                                    **By:**     /s/ M. Jonathan Hayes
                                        **M. Jonathan Hayes**
                                        **Matthew D. Resnik**
                                        **Roksana D. Moradi**
                                        **Carolyn M. Afari**
                                        *Proposed Attorneys for Debtor*
                                        Braun Development Group, Inc
                                        dba Artwear

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.  SUMMARY OF MOTION AND NEED FOR EMERGENCY RELIEF**

Braun Development Group, Inc. dba Artwear ("Braun" or the "Debtor") is in the business of clothing manufacturing. Its principal place of business is a 53,000 sq. ft. office/warehouse in downtown Los Angeles at 13621 Main Street, Los Angeles, CA 90061 (the "Property"). It has approximately 100 employees and about $250,000 per month in sales. *It is a profitable business.*

On the morning of July 31, 2014, Braun was locked out of the Property by the Los Angeles Sheriff pursuant to a Writ of Possession obtained by its landlord, Triple Green, LLC (the "Landlord"). The Debtor filed this Chapter 11 petition at about 4:30 p.m. the same day. All of Debtor's personal property, including fabric, samples, equipment, large machinery, and all of its computers, books and records, and other various property, were locked in the Property. The Debtor would not have filed this petition but for the lockout.

The Debtor sought immediate relief from the Court seeking to regain permission to the Property so that it could continue its operations. The Debtor filed an emergency Motion for Turnover and an Application for Order Shortening Time. The Court set an expedited hearing for Wednesday, August 6, 2014. The Debtor and its Landlord entered into a Stipulation permitting re-entry into the Property until October 1, 2014. The Debtor was able to re-enter the Property later that day and is back in business.

<u>The Debtor's management has found a suitable location to which it can move over the next sixty (60) days. It will begin the moving process on or about September 1, 2014.</u>

By this Emergency Motion, the Debtor seeks permission to use cash collateral on an interim basis for two (2) to three (3) weeks until the Court can set a hearing on regular notice.

## **II.  STATEMENT OF FACTS**

Debtor filed this case on July 31, 2014. The Debtor is a California Corporation which is engaged in the business of manufacturing knit wear for large box and retail stores.

**SIMON RESNIK HAYES LLP**

3

The Debtor is owned by four (4) individuals each of which own 25% of the corporation. Lynn Braun is the president and 25% shareholder of the corporation.

The Debtor has the following secured debts:

| | |
|---|---|
| Wells Fargo Bank (SBA Loan) | $170,000 |
| Wells Fargo Bank (Line of Credit) | $50,000 |
| Community Bank | $77,000 |
| Global Trading Partners, Inc. | $0  (paid) |
| Briar Capital, LP | $0  (paid) |
| Corporation Service Company | $0  (paid) |
| On Deck (Line of Credit) | $130,000 |

The creditors are listed above in their priority. The Debtor is not certain at this point that each of the above creditors have liens on cash collateral except as to the Wells Fargo SBA loan. That loan began at $570,000 in 2007 and has been paid down to approximately $170,000 on the Petition Date. The Community Bank loan was a line of credit which has not been used since approximately 2012.

The Debtor owned the following cash collateral assets on the Petition Date, with approximate values:

| | |
|---|---|
| Bank Accounts | $10,000 |
| Accounts Receivable | $180,000 (face amount $200,000 estimated to be approx. 90% collectible) |
| Work-in-Process | $125,000 (as is – estimated value upon completion of the work - $250,000) |
| **Total** | **$315,000** |

The Debtor has approximately $100,000 in machinery and equipment including office furniture. It owns goodwill with an unknown value. It has a claim against a former attorney of unknown value, a trademark and customer list with minimal value, and a Toyota truck worth about $12,000.

**SIMON RESNIK HAYES LLP**

The Debtor has $300,000 of pending orders in hand, which will need to be filled in the next thirty (30) days, and approximately $1,000,000 of anticipated orders which will be needed to be filled in the next ninety (90) days.

The Debtor will quickly propose a Chapter 11 Plan of Reorganization, by which the Debtor will reorganize its debts and pay the value of its assets to its unsecured creditors.

*Historically, the Debtor has been a viable and successful company. The* Debtor's sales are approximately $3.5 million, and gross monthly sales of approximately $250,000 – $300,000. The Debtor has approximately 100+ employees.

## III.     PROPOSED USE OF CASH COLLATERAL

The Debtor believes that its cash, accounts receivable and work-in-process constitute cash collateral pursuant to §363(a) of the Bankruptcy Code. The Debtor proposes that it use the cash collateral in the bank on the Petition Date to pay the allowed expenses pursuant to the Debtor's budget attached hereto. The Debtor believes that the expenses described in **Exhibit "A"** (the "Budget") represent those expenses that the Debtor must pay in the remainder of August 2014 in order to maintain its business operations.

Although the Budget represents the Debtor's best estimate of the necessary expenses associated with the business, the needs of the business may fluctuate. Therefore, the Debtor requests Court authority to deviate from the total expenses contained in the budget by no more than 10% and to deviate by category (provided the Debtor does not pay any expenses outside any of the approved categories) without the need for further Court order.

In order to continue the operation of the business, the Debtor must be authorized to use cash collateral to pay the ordinary and necessary operating expenses. If the Debtor's ability to use cash collateral is interrupted, the Debtor will be unable to pay the necessary payroll, truck rental, fuel costs, rent and other necessary costs. The Debtor's business, and the Debtor's prospects for a successful reorganization, would be significantly harmed.

**SIMON RESNIK
HAYES LLP**

### IV. **ADEQUATE PROTECTION**

The Debtor believes that the secured creditors are adequately protected by the value of the other assets of the business including the orders which have yet to be filled.  The Debtor proposes that it be authorized to use the cash collateral for the purpose of paying the reasonable, necessary and ordinary expenses of operating the business which accrue from and after the petition date.  No expenditure will be made in excess of any line item on **Exhibit "A"** attached hereto, without the express written consent of Wells Fargo Bank in advance unless such expenditure is an emergency and then the Debtor shall notify Wells Fargo Bank of the expenditure immediately.

The Debtor proposes to pay Wells Fargo Bank (SBA Loan) $3,000 each month, beginning September 1, 2014; payments to be due by the first or each month and late on the 15th.

The Debtor proposes that the secured creditors receive a postpetition replacement lien on all of its cash, accounts receivable and inventory up to the value of the cash collateral actually used postpetition, in the same order of seniority as the creditors are in now.

If at any time the Debtor violates any provision of the Cash Collateral Order, any secured creditor may give written notice of such the default to Debtor's counsel.  If the Debtor fails to cure the default with the seven (7) days of said notice, the Secured Creditor shall be entitled to a hearing requesting relief from the automatic stay pursuant to 11 U.S.C. § 362 on an expedited basis.

The Debtor will continue to be bound by the terms and conditions set forth in the prepetition agreements except as specifically modified herein.  This shall not constitute a modification of the liens granted to any of the secured creditors by the Debtor pursuant to the various agreements between the parties and various perfection documents.

///
///
///

## V. DISCUSSION

**A. The Court Should Authorize The Debtor's Use of the Cash Collateral**.

As a general matter, a debtor-in-possession is permitted to use property of the estate in the ordinary course of business without the need for notice or a hearing. 11 U.S.C. Section 363(c)(1). However, a debtor's use of cash collateral is an exception to this general rule. Section 363(c)(2) provides in pertinent part:

> "The [debtor in possession] may not use, sell, or lease cash
>
> collateral ... unless
>
> -
>
> (A)   each entity that has an interest in
>
> such   cash collateral consents; or
>
> (B) the court, after notice and a hearing, authorizes such use,
>
> sale or lease in accordance with the provisions of this section."

11 U.S.C. Section 363(c)(2).

Courts have consistently held that it is appropriate for a Chapter 11 debtor to use a secured creditor's cash collateral for a reasonable period of time for the purpose of maintaining and operating its property. See *MBank Dallas, N.A. v. O'Connor) (In re O'Connor)*, 808 F.2d 1393, 1397 (10th Cir. 1987). In addition, where, as here, the debtor is operating a business, it is extremely important that use of cash collateral be allowed in order to facilitate the goal of reorganization: "the purpose of Chapter 11 is to rehabilitate debtors and generally access to cash collateral is necessary to operate a business." *In re Dynaco Corporation*, 162 B.R. 389, 394 (Bankr. D.N.H. 1993), quoting *In re Stein*, 19 B.R. 458, 459 (Bankr. E.D. Pa. 1982).

As set forth above, if the Debtor's access to the cash collateral is interrupted for even a brief period of time, the consequences would be disastrous for the unsecured creditors of the estate. The Debtor would be unable to operate and preserve the business. The employees would leave and the business would shut down making its value zero. As such, the Debtor has determined that it would be in the overwhelming best interests of the

**SIMON RESNIK
HAYES LLP**

7

estate and its creditors to use the cash collateral to continue to operate and maintain its business.

## B. The Secured Creditor's Interests are Adequately Protected by the Remainder of the Assets of the Business Including the Pending Orders, and by the Continued Operations of the Business.

Pursuant to §363(c)(2), the Court may authorize the debtor to use a secured creditor's cash collateral if the Court determines that the secured creditor is adequately protected. *Pistole v. Mellor (In re Mellor),* 734 F.2d 1396, 1400 (9th Cir. 1984). See also *O'Connor*, supra, 808 F.2d at 1398; *McCombs Properties VI, Ltd. v. First Texas Savings Association (In re McCombs Properties VI, Ltd.)*, 88 B.R. 261, 265 (Bankr. C.D. Cal. 1988). In ordinary circumstances, a secured creditor is to be protected against a decrease in value which directly affects the secured creditor's interest in its collateral. See *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 630, (1988); Section 506(a) of the Bankruptcy Code "limit(s) the secured status of a creditor (i.e., the secured creditor's claim) to the lesser of the [allowed amount of the] claim or the value of the collateral." *McCombs*, supra, 88 B.R. at 266.

As a general rule, a debtor may use cash collateral where such use would enhance or preserve the value of the collateral. *In re Stein*, supra, 19 B.R. at 460; see also *McCombs*, supra, 88 B.R. at 267. The Debtor intends to use the cash collateral to operate and preserve the business as is set forth in **Exhibit "A."** The use of cash collateral is essential to continue the ordinary maintenance and operations of the business. Without the use of the cash collateral, the Debtor will be unable to pay the payroll, rent, insurance, taxes and other necessary expenses. As such, unless the Debtor is permitted to use the cash collateral, the value of the business will fail immediately.

///

///

///

**SIMON RESNIK HAYES LLP**

### C. In Determining Adequate Protection, The Court Should Promote Reorganization.

In determining adequate protection, Courts have stressed the importance of promoting a debtor's reorganization. In *In re O'Connor*, supra, the Tenth Circuit stated:

> "In this case, Debtors, in the midst of a Chapter 11 proceeding, have proposed to deal with cash collateral for the purpose of enhancing the prospects of reorganization. This quest is the ultimate goal of Chapter 11. Hence, the Debtor's efforts are not only to be encouraged, but also their efforts during the administration of the proceeding are to be measured in light of that quest. Because the ultimate benefit to be achieved by a successful reorganization inures to all the creditors of the estate, a fair opportunity must be given to the Debtors to achieve that end. Thus, while interests of the secured creditor whose property rights are of concern to the court, the interests of all other creditors also have bearing upon the question of whether use of cash collateral shall be permitted during the early stages of administration."

808 F.2d at 1937.

In order to promote Debtor's reorganization, the Court should grant the relief requested herein. The Debtor has demonstrated herein that the use of the cash collateral as proposed by the Debtor will preserve the business for the benefit of this estate and the creditors. Indeed, a successful reorganization depends upon the use of cash collateral as proposed herein.

///
///
///
///

**SIMON RESNIK HAYES LLP**

9

## V. CONCLUSION

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order authorizing it to use the cash collateral on the terms and conditions described in the Motion and the exhibits thereto and granting such other and further relief as is just and proper under the circumstances.

Dated:  August 12, 2014                                   **SIMON RESNIK HAYES LLP**

**By:    /s/ M. Jonathan Hayes**
**M. Jonathan Hayes**
**Matthew D. Resnik**
**Roksana D. Moradi**
**Carolyn M. Afari**
*Proposed Attorneys for Debtor*
Braun Development Group, Inc.
Dba Artwear

## **DECLARATION OF LYNN BRAUN**

I, Lynn Braun, declare as follows:

1. I am the President of the Debtor herein, Braun Development Group, Inc. dba Artwear ("Braun" or the "Debtor"). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true.

2. The Debtor is a California Corporation which is engaged in the business of manufacturing knit wear for large box and retail stores, essentially clothing manufacturing. The Debtor is owned by four (4) individuals each of which own 25% of the corporation. I am the president and 25% shareholder of the corporation.

3. Its principal place of business is a 53,000 sq. ft. office/warehouse in downtown Los Angeles at 13621 Main Street, Los Angeles, CA 90061 (the "Property"). It has approximately 100 employees and about $250,000 per month in sales. *It is a profitable business.*

4. *Historically, the Debtor has been a viable and successful company. The* Debtor's sales are approximately $3.5 million, and gross monthly sales of approximately $250,000 – $300,000.

5. On the morning of July 31, 2014, the Debtor was locked out of the Property by the Los Angeles Sheriff pursuant to a Writ of Possession obtained by its landlord, Triple Green, LLC (the "Landlord"). The Debtor filed this Chapter 11 petition at about 4:30 p.m. the same day. All of Debtor's personal property, including fabric, samples, equipment, large machinery, and all of its computers, books and records, and other various property, were locked in the Property. The Debtor would not have filed this petition but for the lockout.

6. The Debtor sought immediate relief from the Court seeking to regain permission to the Property so that it could continue its operations. The Debtor filed an emergency Motion for Turnover and an Application for Order Shortening Time. The Court set an expedited hearing for Wednesday, August 6, 2014. The Debtor and its

**SIMON RESNIK
HAYES LLP**

11

Landlord entered into a Stipulation permitting re-entry into the Property until October 1, 2014. The Debtor was able to re-enter the Property later that day and is back in business.

7. <u>I have found a suitable location to which the Debtor can move over the next sixty (60) days. It will begin the moving process on or about September 1, 2014.</u>

8. The Debtor has the following secured debts:

| | |
|---|---|
| Wells Fargo Bank (SBA Loan) | $170,000 |
| Wells Fargo Bank (Line of Credit) | $50,000 |
| Community Bank | $77,000 |
| Global Trading Partners, Inc. | $0 (paid) |
| Briar Capital, LP | $0 (paid) |
| Corporation Service Company | $0 (paid) |
| On Deck (Line of Credit) | $130,000 |

9. The creditors are listed above in their priority. The Debtor is not certain at this point that each of the above creditors have liens on cash collateral except as to the Wells Fargo SBA loan. That loan began at $570,000 in 2007 and has been paid down to approximately $170,000 on the Petition Date. The Community Bank loan was a line of credit which has not been used since approximately 2012.

10. The Debtor owned the following cash collateral assets on the Petition Date, with approximate values:

| | |
|---|---|
| Bank Accounts | $10,000 |
| Accounts Receivable | $180,000 (face amount $200,000 estimated to be approx. 90% collectible) |
| Work-in-Process | $125,000 (as is – estimated value upon completion of the work - $250,000) |
| **Total** | **$315,000** |

11. The Debtor has approximately $100,000 in machinery and equipment including office furniture. It owns goodwill with an unknown value. It has a claim against

Case 2:14-bk-24711-ER    Doc 24    Filed 08/12/14    Entered 08/12/14 18:05:39    Desc
Main Document    Page 13 of 19

a former attorney of unknown value, a trademark and customer list with minimal value, and a Toyota truck worth about $12,000.

12. The Debtor has $300,000 of pending orders in hand, which will need to be filled in the next thirty (30) days, and approximately $1,000,000 of anticipated orders which will be needed to be filled in the next ninety (90) days.

13. The Debtor believes that the expenses described in **Exhibit "A"** (the "Budget") represent those expenses that the Debtor must pay in the remainder of August 2014 in order to maintain its business operations.

14. In order to continue the operation of the business, the Debtor must be authorized to use cash collateral to pay the ordinary and necessary operating expenses. If the Debtor's ability to use cash collateral is interrupted, the Debtor will be unable to pay the necessary payroll, truck rental, fuel costs, rent and other necessary costs. The Debtor's business, and the Debtor's prospects for a successful reorganization, would be significantly harmed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this Tuesday, August 12, 2014, at Los Angeles, California.

                                                **/s/ Lynn Braun**
                                                **Lynn Braun**

SIMON RESNIK
HAYES LLP

13

## DECLARATION OF M. JONATHAN HAYES

I, M. Jonathan Hayes, declare as follows:

1.   I am an attorney at law licensed in the State of California and authorized to practice before the District Courts in the Central District of California, and before this Court. I am over the age of eighteen (18). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true. I am counsel for the Debtor herein.

2.   The basis for this Motion is that the Debtor must be permitted to use its cash collateral to pay its payroll and other expenses or it will be forced to shut down its operations, and creditors will receive nothing.   As such, Debtor seeks a hearing from the Court as quickly as possible and has filed an Application for Order Shortening Time concurrently.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this Tuesday, August 12, 2014, at Los Angeles, California.

                                        **/s/ M. Jonathan Hayes**
                                        **M. Jonathan Hayes**

# EXHIBIT A

Braun Development Group Inc. dba Artwear
Artwear
2014-2 month budget

|  | August | September |
|---|---:|---:|
| Total Income (collections) | 200,000 | 260,000 |
| **Cost of Goods Sold** | | |
| Materials | | |
|   Fabric | 34,347 | 20,000 |
|   Treatment Materials-Sublimation | 3,000 | 3,000 |
|   lace-Klauber | 1,761 | 500 |
|   Freight In | | |
| Labor | | |
|   Salary-Production | 3,300 | 3,300 |
|   Hourly-Production | 44,679 | 44,679 |
|   Piecework-Production | 21,916 | 21,916 |
|   Outside Services | | |
| Prod Expenses | | |
|   Sewing Supplies | 1,106 | 1,106 |
|   Design Supplies | 330 | 330 |
|   Labels & hangtags | 0 | 0 |
|   Other Factory Supplies | 1,789 | 1,788 |
|   Line Samples | 584 | 584 |
|   Contract Labor | 0 | 0 |
|   Power & Electricity | 2,600 | 2,600 |
|   Natural Gas | 1,895 | 1,895 |
|   Water | 1,561 | 1,561 |
|   Sewerage | 360 | 360 |
|   Printing Supplies | 703 | 703 |
|   Shipping Supplies | 380 | 380 |
|   R & M - Fac. Mach. & Equip. | 832 | 832 |
|   Other Factory Supplies | 750 | 750 |
| Total Cost of Goods Sold | 121,892 | 106,284 |
| Gross Profit | | |
| Expenses | | |
| General & Administrative | | |
|   Rent-Factory Building | paid | 20,000 |
|   General Liability Insurance | 188 | 188 |
|   Depreciation-Fac.Mach.&Equip. | | |
|   Payroll Tax Expenses | 7,785 | 7,785 |
|   Worker's Compensation Ins. | 5,117 | 5,117 |
|   Property Insurance | 617 | 617 |
|   Auto Insurance | 88 | 88 |
|   Life Insurance | 31 | 31 |
|   Medical Insurace | 0 | 3,048 |
|   Medical Services | 225 | 225 |

| | | | | |
|---|---:|---:|---:|---|
| Salaries-Administration | | 1,726 | 1,726 | |
| Legal and Professional Fees | | 1,800 | 10,000 | |
| Trash&Landscaping Maintenance | | 370 | 370 | |
| R & M - Company Vehicles | | 82 | 82 | |
| Gas & Oil | | 278 | 278 | |
| R & M - Office Mach.&Equip. | | 250 | 250 | |
| Telephone, Fax, and Internet | | 925 | 925 | |
| Lease Expense | | | | |
| Office Supplies | | 500 | 500 | |
| Kitchen,Bath&Other Fctry.Supp. | | 533 | 533 | |
| Reg.,License,Permits & Dues | | | | |
| Property Tax | | 358 | 358 | |
| Business Tax | | 250 | 250 | |
| Franchise Tax | | 139 | 139 | |
| Alarm & Security Devices | | 385 | 385 | |
| Interest on Loan - BDG (WF) | | on hold | on hold | |
| photo shoot expenses | | 3,220 | | |
| | | | | |
| Selling, Shipping and Warehouse | | | | |
| Advertising&Publications | | 300 | 300 | |
| Travelling Expenses | | 650 | 650 | |
| Showroom Expenses | | 0 | | |
| Freight Out | | 725 | 725 | |
| EDI Fees | | 29 | 29 | |
| Sales Commisssions | | 3,958 | 3,958 | |
| | total | 30,528 | 55,508 | |
| Other Charges | | | | |
| Deposit on new building | | 20,000 | | August |
| Moving expenses  *est. | | | 30,000 | Sept |
| | total | 20,000 | 30,000 | |
| | | | | |
| Other Income / Expense | | | | |
| Other Expense | | | | |
| Salaries-Officers | | 16,000 | 16,000 | |
| Franchise Tax | | 139 | 139 | |
| Total Other Expense | | 16,139 | 16,139 | |
| | | | | |
| total Expenses | | 188,569 | 207,931 | |

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **15233 Ventura Blvd., Suite 250, Sherman Oaks, CA 91403.**

A true and correct copy of the foregoing document entitled **EMERGENCY MOTION FOR ORDER PERMITING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF LYNN BRAUN AND M. JONATHAN HAYES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **8/12/2014** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **M Jonathan Hayes    jhayes@srhlawfirm.com, roksana@srhlawfirm.com;carolyn@srhlawfirm.com;matthew@srhlawfirm.com;rosarioz@srhlawfirm.com;jfisher@srhlawfirm.com;anastasia@srhlawfirm.com;maria@srhlawfirm.com;staci@srhlawfirm.com;jhayesecf@gmail.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
- **Hatty K Yip    hatty.yip@usdoj.gov, Kenneth.G.Lau@usdoj.gov,dare.law@usdoj.gov,queenie.k.ng@usdoj.gov,alvin.p.mar@usdoj.gov,kelly.l.morrison@usdoj.gov,melanie.green@usdoj.gov**

☐  Service information continued on attached page

**II.  SERVED BY U.S. MAIL:** On **8/12/2014** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Braun Devel. Group, Inc.**
**dba Artwear**
**21 Fayence**
**Newport Coast, CA 92657**

*ALL CREDITORS:*

| | |
|---|---|
| **Azitex Trading Co**<br>**1850 E. 15th Street**<br>**Los Angeles, CA 90021** | **Community Bank**<br>**790 E. Colorado Blvd**<br>**Pasadena, CA 91101** |
| **Bemobil Apparel**<br>**16142 Windemier Lane**<br>**Huntington Beach, CA 92647** | **COMMUNITY BANK**<br>**505 EAST COLORADO BLVD.**<br>**PASADENA, CA 91101** |
| **BRIAR CAPITAL**<br>**1500 CITYWEST BLVD.**<br>**HOUSTON, TX 77042** | **Dijulio Law Group**<br>**A Law Corp**<br>**330 N. Brand Blvd., Ste 702**<br>**Glendale, CA 91203** |
| **CORP. SERVICE CO.**<br>**POB 2576**<br>**SPRINGFIELD, IL 62708** | **GLOBAL TRADING PARTNERS, INC.**<br>**152 CEDROS AVE.**<br>**SOLANO BEACH, CA 92075** |

**SIMON RESNIK HAYES LLP**

15

| | |
|---|---|
| **Komar Alliance**<br>**6900 Washington Blvd.**<br>**Montebello, CA 90640** | **16933 Gramercy Place**<br>**Gardena, CA 90247** |
| **Nu-Waye Water Conditioning, Inc.**<br>**1244 W 9th Street**<br>**Upland, CA 91786** | **Trichromatic West Inc.**<br>**6060 Rickenbacker Road**<br>**Los Angeles, CA 90040** |
| **On Deck**<br>**901 Stuart Street**<br>**Arlington, VA 22203** | **Triple Green, LLC**<br>**c/o Oliver Vasquez, Esq.**<br>**1055 W. 7th St., Suite 2800**<br>**Los Angeles, CA 90017** |
| **Roger E. Naghash, Esq.**<br>**19900 MacArthur Blvd., Ste. 1150**<br>**Irvine, CA 92612** | **United Parcel Service**<br>**P.O. Box 894820**<br>**Los Angeles, CA 90189-4820** |
| **Royal Packaging**<br>**12637 Hoover Street**<br>**Garden Grove, CA 92841** | **Wells Fargo Business SBA Loan**<br>**MAC D4004-03A**<br>**P.O. Box 202902**<br>**Dallas, TX 75320-2902** |
| **SG Knits**<br>**112 E. 35th Street**<br>**Los Angeles, CA 90011** | **WELLS FARGO BANK**<br>**121 PARK CENTER PLAZE**<br>**6TH FLOOR**<br>**SAN JOSE, CA 95113** |
| **Smark Company**<br>**8636 Otis Street**<br>**South Gate, CA 90280** | |
| **Textile Brokers Co.** | |

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **8/12/2014** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**(Personal Delivery)**
**Hon. Ernest M. Robles**
**U.S. Bankruptcy Court**
**Central District – LA Branch**
**255 E. Temple Street, Suite 1560**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **8/12/2014** | **Ja'Nita Fisher** | **/s/ Ja'Nita Fisher** |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**SIMON RESNIK HAYES LLP**